### COWDREY et al. v. MASLINSKY et al.
### No. 5038.

Circuit Court of Appeals, Seventh Circuit.
July 12, 1934.

Bertram Wm. Coltman, of Chicago, Ill., for appellants.

Raymond L. Greist and F. Allan Minne, both of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellants complain of a decree of the District Court dismissing, on the ground of noninfringement, their bill for injunction and accounting for alleged infringement of

United States patent to Cowdrey, No. 1,781,-271, November 11, 1930, for a bathing suit. In general the patent is for a bathing suit having securely attached within it, at about the waistline, a supplemental trunk piece extending downward and under the crotch to serve as a supporter for male wearers. The suit thus equipped is held up by shoulder straps. Figs. 2 and 3 are shown.

The dotted lines of Fig. 2 indicate the inside trunk, 13 showing the place where it is stitched to the main garment.

There are six claims, all of which seem to have been in controversy in the District Court; but in appellants' main brief on the appeal it is stated, "This appeal is confined solely to claim 1* of the Cowdrey patent."

The prior patent art shows a large variety of bathing suits with attached supporters of various kinds. All of Cowdrey's elements were old. The combination for which he was awarded the patent is sufficiently described in the claim, and this controversy centers about the meaning to be attached to that element of the claim which specifies "the measurement of the inner trunk portion from such place of attachment to the crotch of the inner trunk being less than the measurement of the outer trunk from such place of attachment to the crotch of the outer trunk." The importance of this feature is found in the fact that in the alleged infringing garments the crotch parts of the inner and outer trunks, although not fastened together, lie in contact with each other, and are not to any extent spaced apart; whereas in the patented article appellees contend that spaced relation between the two crotch parts is an essential element of all the claims, while appellants contend that claim 1 admits of these parts being normally in contact.

Appellants maintain that with one of the trunks inside the other there must of necessity be some difference in the length of the two between place of their attachment and the crotch, since the thickness of the material would alone cause a difference, however slight, and that this alone would respond to that element in claim 1. Does this element of the claim admit of such a construction, or does it imply and require a substantial spacing between the two crotches?

Appellants' reliance for their contention is placed largely upon a visualization of Fig. 3, where at 31 no spaced relation is indicated unless the lowest line be taken into consideration. But the inventor himself has sufficiently explained that part of Fig. 3 to indicate to us that the spaced relation between the two crotches was of the essence of his invention. The specification states:

"Fig. 2 is a perspective view of the suit, looking from the front.

"Fig. 3 may be considered a vertical sectional view of Fig. 2."

"A characteristic feature of my invention is that the band or inner trunk from the place of attachment to the trunk or body structure of the bathing suit is detached at the bottom or crotch portion 29 from the bottom or crotch portion 31 of the outer trunk; and also that the inner trunk is shorter from the place of attachment at the top to the crotch portion 29 of such inner trunk than the measurement from such place of attachment to the crotch portion 31 of the outer trunk, this being clearly shown in Figs. 1 and 2."

In Fig. 2 the spaced relation between the crotch parts does appear between 29, the crotch piece of the inner trunk, and 31, that of the outer trunk.

*"1. A bathing suit having an upper body portion having shoulder straps and an outer trunk portion formed integral therewith, an inner trunk portion secured at its upper edge to the outer trunk portion, the measurement of the inner trunk portion from such place of attachment to the crotch of the inner trunk being less than the measurement of the outer trunk from such place of attachment to the crotch of the outer trunk, and the inner trunk being attached to the outer trunk substantially only at the above mentioned place of attachment the shoulder straps giving a support for the inner trunk."

As to this feature claim 2 employs the same wording as claim 1; but each of the other claims employs the expression "spaced above the crotch portion of the torso covering," words indicating clearly the requirement of the space between the two, but in this respect differing only in wording and not in meaning from claims 1 and 2—a variation in wording to express the same thought, which· is a practice very prevalent in formulating patent claims.

Indeed, we can see no purpose of the claim in an arrangement which provided for a difference in the length of the two sufficiently only to compensate for the thickness of the material. It would leave the two crotches in actual contact, both subject to the same pull at the shoulders, thereby providing what would amount only to a double thickness of material at the crotch, which would contribute little if anything towards the support which appears to be the dominating feature of the patent.

All of the various suits purporting to be made under the patent show a decided space between the crotch parts. An experimental suit in evidence made by Cowdrey prior to his application shows a space of over 2½ inches between them, and his early drawing illustrating his invention likewise shows it. All of the accused suits in evidence show the parts in actual contact, and there is no evidence that appellees have this spaced relation in any of their garments.

The file wrapper indicates that Cowdrey was denied claims he originally made which would have given him, in this respect, the garment for which he now contends under his present claim 1. Original claim 1 reads: "A bathing suit having an outer trunk portion and an inner trunk or band portion, the inner trunk or band portion at the bottom part being free from the outer trunk portion."

There were a number of other claims of like purport, all of which were rejected by the Examiner with acquiescence in the rejection. If the provision of present claim 1 respecting the length of the inner crotch part with reference to the outer crotch part should be construed to require only that the crotch pieces be not fastened together, it would be in this respect like original claim 1 and similar claims which were disallowed.

We are satisfied that appellants' conception of the scope of claim 1 is erroneous, and that the claim contemplated the difference in length of the crotch parts to be something more substantial than the thickness of the material of which the inner trunk was made.

If in this conclusion we are correct, it follows from the practically conceded facts that the court did not err in finding that the particular garments assailed by the bill did not infringe. Accordingly the decree is affirmed.